a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MOHAMMAD AMIN BENTMIM #A201556613,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-00708 SEC P |
| VERSUS | JUDGE DRELL |
| C A FREDRIC,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Mohammad Amin Bentmim ("Bentmim"). At the time of filing, Bentmim was a detainee in the custody of U.S. Immigration and Customs Enforcement ("ICE") seeking his release from custody pending removal from the United States. ECF No. 1.

Because Bentmim has been released on supervision (ECF No. 21), his Petition is MOOT and should be DISMISSED WITHOUT PREJUDICE.

I. Background

Bentmim is a native and citizen of Iran who was ordered removed in 2019. ECF No. 1 at 9. He seeks release from detention pending his removal. ECF No. 1. Bentmim recently notified the Court that he has been released on supervision. ECF No. 21.

## II. Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Based on the Bentmim's notice that he has been released on supervision (ECF No. 21), the § 2241 Petition is moot. *See Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. July 17, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. July 31, 2019). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III. Conclusion

Because Bentmim has been released on supervision, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, February 22, 2021.

```
_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE
```